```
            IN THE UNITED STATES DISTRICT COURT
              FOR THE DISTRICT OF NEW JERSEY
```

| | |
|---|---|
| CLIFTON BEALE, | HON. JEROME B. SIMANDLE |
| Plaintiff, | Civil No. 06-4804 (JBS) |
| v. | |
| INTERNAL REVENUE SERVICE, et al. | **MEMORANDUM OPINION** |
| Defendant. | |

**SIMANDLE**, District Judge:

This matter comes before the Court upon (1) plaintiff Clifton Beale's ("Plaintiff") motion for remand [Docket Item No. 3] and (2) defendant Internal Revenue Service's ("Defendant") motion to dismiss [Docket Item No. 3]. For the following reasons, Plaintiff's motion for remand will be denied and Defendant's motion to dismiss will be granted.

**The Court finds as follows**:

1. On September 8, 2006, Plaintiff filed an action in Superior Court of New Jersey, Camden County Law Division against Defendant and a revenue agent employed by Defendant (Kathleen Settimi) asking the Superior Court to nullify certain federal tax liens against Plaintiff's property. (Def.'s Notice of Removal, Ex. 1.) Plaintiff Clifton Beale, appearing pro se, brought this cause of action against Defendant, C. Sherwood, and Kathleen

Settimi[1] requesting a "rule to show cause" and a "writ of prohibition in jure."  (Id.)  Plaintiff also alleges that Defendant illegally seized Plaintiff's property by placing a lien on Plaintiff's real property and by placing a wage levy on Plaintiff's spouse's salary.

2.  On October 6, 2006, Defendant filed a Notice of Removal with this Court pursuant to 28 U.S.C. §§ 1442 and 1444.  [Docket Item No. 1.]  In the notice of removal, Defendant states that, pursuant to Sections 1442 and 1444, this action may be removed to any U.S. District Court and that venue is proper in the U.S. District Court for the District of New Jersey as the motion was originally filed in the Superior Court of New Jersey, Camden County Law Division.  (Def.'s Notice of Removal, Ex. 1.)

3.  Six days later, on October 12, 2006, Plaintiff filed a motion to remand this action back to Superior Court of New Jersey, Camden County.  [Docket Item No. 3.]  Defendant filed opposition to Plaintiff's motion for remand on October 30, 2006.  [Docket Item No. 6.]

4.  Also on October 30, 2006, Defendant filed a motion to dismiss for lack of jurisdiction.[2]  [Docket Item No. 4.]

---

[1] Both Ms. Sherwood and Ms. Settimi are employees of Defendants.  (Def.'s Mot. to Dismiss Br. at 1.)

[2] This Court notes too that Defendant filed a Motion to Vacate U.S. Magistrate Judge Ann Marie Donio's October 11, 2006 Order setting up an initial conference between the parties on November 28, 2006.  [Docket Item No. 5.]  This motion to vacate

Plaintiff filed opposition to Defendant's motion to dismiss on November 13, 2006.  [Docket Item No. 7.]

 5. First the Court will address Plaintiff's motion for remand.  In his motion papers, Plaintiff argues that removal was improper because Plaintiff does not seek "claims [or] remedies" and, according to Plaintiff, Defendants "will not be prosecuted, sued for monetary relief" and Plaintiff does not seek "apprehension, arrest [or] any seizure of any of their property . . . ."  (Pl.'s Mot. for Remand Br. at ¶ 7.)  Defendant counter-argues that Plaintiff's motion is without merit as 28 U.S.C. § 1442 "plainly provides for removal jurisdiction where a party sues the Internal Revenue Service . . . [or] challenges the validity of a federal tax lien . . . ."  (Def.'s Opp. Br. at 2.)

 6. The Court will deny Plaintiff's motion for remand as Section 1442(a) permits Defendant to remove this matter to this Court.  Specifically, Section 1442(a) states in pertinent part that:

> A civil action . . . commenced in a State court against any of the following may be removed by them to the district court of the United States for the district and division embracing the place wherein it is pending:

---

Judge Donio's October 11, 2006 Order [Judge Donio's Order is Docket Item No. 2] was made moot, however, by Judge Donio's November 21, 2006 Scheduling Order [Docket Item No. 8] which adjourned the initial scheduling conference pending the resolution of Defendant's motion to dismiss.  The fact that this motion to vacate is now moot will be noted in the accompanying Order.

> (1) The United States or any agency thereof or any officer . . . of the United States or of any agency thereof, sued in an official or individual capacity for any act under color of such office . . . .

28 U.S.C. § 1442(a)(1). Here, Defendant is the Internal Revenue Service, an agency of the United States and therefore is covered under Section 1442(a)(1). As such, Defendant can remove this action to District Court. In addition, federal law governs the validity of tax liens. Jurisdiction is appropriate in this Court given that federal law governs questions bearing on the operation and enforcement of federal tax liens. See United States v. Craft, 535 U.S. 274, 278,(2002)(quoting Drye v. United States, 528 U.S. 49, 58 (1999))(federal law governs "whether the taxpayer's state-delineated rights qualify as 'property' or 'rights in property' within the compass of the federal tax lien legislation."); see also S. D'Antoni, Inc. v. Great Atlantic & Pac. Tea Co., Inc., 496 F.2d 1378 (5th Cir. 1974).

7.  Next, the Court will address Defendant's motion to dismiss Plaintiff's complaint under Fed. R. Civ. P. 12(b)(1), (6) arguing that federal courts lack jurisdiction to grant the injunctive relief regarding tax collection that Plaintiff seeks under 26 U.S.C. § 7421. (Def.'s Mot. to Dismiss Br. at 2.) Second, Defendant argues that even if the Court had jurisdiction to hear Plaintiff's claims (i.e., that Defendant's failed to obtain a required court order before filing a Notice of Federal

4

Tax Lien or issuing a Notice of Levy) the claims must be dismissed as frivolous and without merit.  (Id.)  While it is difficult to discern Plaintiff's arguments in opposition to Defendant's motion to dismiss, Plaintiff appears to argue that the case was improperly removed to federal court.  (Pl.'s Opp. Br. at 4.)

    8.  A motion made under Rule 12(b)(1) argues that the claims should be dismissed because the court lacks subject matter jurisdiction.  See Fed. R. Civ. P. 12(b)(1).  A Rule 12(b)(6) motion to dismiss for failure to state a claim upon which relief may be granted must be denied "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief."  Scheuer v. Rhodes, 416 U.S. 232, 236 (1974).  A district court must accept any and all reasonable inferences derived from those facts and must view all allegations in the complaint in the light most favorable to the plaintiff.  See  Scheuer, 416 U.S. at 236; Jordan v. Fox, Rothschild, O'Brien & Frankel, 20 F.3d 1250, 1261 (3d Cir. 1994).  It is not necessary for the plaintiff to plead evidence in their complaint, and it is not necessary to plead the facts that serve as the basis for the claim.  See Bogosian v. Gulf Oil Corp., 561 F.2d 434, 446 (3d Cir. 1977).  When a motion to dismiss is before the court, the question for the court is not whether plaintiff will ultimately prevail; rather, it is whether he or she can

prove any set of facts in support of their claims that would entitle them to relief. See Hishon v. King & Spalding, 467 U.S. 69, 73 (1984).

  9. The Anti-Injunction Act (the "Act") provides that, except under certain enumerated circumstances, "no suit for the purpose of restraining the assessment or collection of any tax shall be maintained in any court by any person . . . ." 26 U.S.C. § 7421(a); see also Tecchio v. United States, No. 03-1529, 2004 U.S. Dist. LEXIS 3439 (D.N.J. Jan. 9, 2004). The "manifest" purpose of § 7421(a) of the Act is to "permit the United States to assess and collect taxes alleged to be due without judicial intervention, and to require that the legal right to the disputed sums be determined in a suit for refund." Enochs v. Williams Packing & Navigation Co., 370 U.S. 1, 7 (1962); see also Beale v. United States, No. 06-998, 2006 U.S. Dist. LEXIS 72835 (D.N.J. Sept. 29, 2006). In this manner, according to the Supreme Court, "the United States is assured of prompt collection of its lawful revenue." Enochs, 370 U.S. at 7. A suit for injunctive relief may only be maintained if, at the time of suit, "under the most liberal view of the law and the facts, the United States cannot establish its claim." Id. Therefore, "the Act prohibits suits for injunctions barring the collection of federal taxes when the collecting officers have made the assessment and claim that it is valid." Id.

10.  Plaintiff's claims fall squarely within the scope of the Act as Plaintiff seeks relief in the form of this Court removing a federal tax lien.  Plaintiff's sole recourse, under the Act, is to pay the taxes due and pursue a refund in U.S. Tax Court.  Therefore, under the plain language of the Act, this Court lacks jurisdiction to grant the relief Plaintiff requests.

11.  Likewise, the Court lacks subject matter jurisdiction over the claims against the two individually named IRS employee defendants, Ms. Sherwood and Ms. Settimi, who are accused of submitting and signing the disputed notices of liens.  Since their alleged conduct occurred within the scope of their IRS tax assessment and collection duties, the Anti-Injunction Act, *supra*, likewise precludes this Court's jurisdiction over such claims, and the Act would likewise bar such claims from being prosecuted in the Superior Court of New Jersey.  This is true because Congress, with exceptions not applicable here, has barred such actions to restrain the assessment or collection of any federal tax "in *any* court."  26 U.S.C. §7421(a)(emphasis added).  The accompanying Order will likewise provide that Plaintiff's claims against Defendants Sherwood and Settimi are dismissed for lack of jurisdiction.

## CONCLUSION

For the reasons expressed in this Memorandum Opinion, the Court will (1) deny Plaintiff's motion for remand and (2) grant

Defendant's motion to dismiss for lack of jurisdiction.  The accompanying Order will be entered.

**January 30, 2007**                           **s/ Jerome B. Simandle**
Date                                           JEROME B. SIMANDLE
                                               U.S. District Court